United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURES TRUST 2013-I-H-R,<br><br>    Plaintiff,<br><br>v.<br><br>EUGENE D. MATTHEWS,<br><br>    Defendant. | Case No. 15-cv-02940-KAW<br><br>**REPORT AND RECOMMENDATION TO REMAND CASE TO STATE COURT; ORDER REASSIGNING CASE** |

    On June 24, 2015, Defendant Eugene D. Matthews, acting pro se, removed this unlawful detainer action from Contra Costa County Superior Court. Defendant also filed an application to proceed in forma pauperis. The Court denied the application WITHOUT PREJUDICE and ordered Defendant to either pay the filing fee or file a renewed motion by July 20, 2015. As of the filing of this report and recommendation, he has not done so. Accordingly, the undersigned recommends that this case be remanded to state court, as removal of this unlawful detainer action is improper. Furthermore, as neither party has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this case should be reassigned to a district judge.

## I.    BACKGROUND

    Plaintiff commenced this unlawful detainer action in Contra Costa County Superior Court on May 8, 2015. (Notice of Removal, Ex. A, Dkt. No. 1.) The complaint contains a single cause of action under California Code of Civil Procedure section 1161a. (*See id.*) The case is a "limited civil case," as the amount demanded is less than $10,000. (*Id.*) Plaintiff seeks immediate possession of certain property located in Walnut Creek, California, which Defendant currently occupies. (*Id.* ¶ 5.)

1    On June 24, 2015, Defendant removed the action to this Court, claiming that the complaint presents a federal question. (Notice of Removal ¶ 6.) Defendant also asserts that a "[f]ederal question exists because Defendant's Answer, a pleading[,] depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* ¶ 10.)

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party seeking to remove an action to federal court bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).

Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

## III.   DISCUSSION

Defendant first asserts that federal question exists in this case because the complaint presents a federal question. (Notice of Removal ¶ 6.) Not so. The complaint contains a single state law claim for unlawful detainer. (*See* Notice of Removal, Ex. A.) This does not present a federal question or depend on the resolution of a substantial question of federal law, as Plaintiff is entitled to judgment after establishing that the property at issue was sold in accordance with

California Civil Code section 2924 and complying with California Code of Civil Procedure section 1161a. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-5478 (PJH), 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Accordingly, Plaintiff's complaint does not present a federal question or depend on the resolution of a substantial question of federal law.

Defendant next asserts that federal question exists in this case because "Defendant's Answer, a pleading[,] depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal, Ex. A ¶ 10.) This assertion is also insufficient to invoke this Court's jurisdiction. The well-pleaded complaint rule prevents the Court from considering Defendant's answer in determining whether subject matter jurisdiction exists. *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). Pursuant to the well-pleaded complaint rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer." (*Id.* (internal quotations and citation omitted).) Accordingly, to the extent that Defendant relies on his answer to show that subject matter jurisdiction exists in this case, his efforts fail.

### IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that the action be remanded to Contra Costa County Superior Court for lack of subject matter jurisdiction.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-2. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO RECOMMENDED**.

Dated: 07/27/15

KANDIS A. WESTMORE
United States Magistrate Judge